PER CURIAM.
The appellant, George Suritz, filed suit against Milton Kelner, an attorney who had at one time been employed by Suritz. In his complaint Suritz alleged that Kelner, while employed as attorney for Suritz, had negligently caused the dismissal with prejudice of a claim for personal injuries which Kelner was employed to prosecute.
Kelner, as defendant in this action against him, took the deposition of Suritz and moved for a summary judgment thereupon. The plaintiff, Suritz, filed the affidavit of a witness and served a notice of the taking of the deposition of the defendant and a motion for production of documents. The trial court’s refusal to delay the hearing on the motion for summary judgment and his order quashing the notice of taking the deposition of the defendant present questions of procedure. We need only mention these questions because the summary judgment must be reversed upon another ground.
The alleged negligence of the defendant-attorney is a genuine issue of material fact and this issue precluded the entry of the summary judgment. Appellee’s argument that the action for personal injuries would have been lost regardless of the charged negligence of the attorney does not conclusively appear from the record. Cf. Wilson v. Bachrach, Fla.1953, 65 So.2d 546.
Reversed and remanded for further proceedings.