155 So.2d 831 (1963)
George SURITZ, Appellant,
v.
Milton KELNER, Appellee.
No. 62-642.
District Court of Appeal of Florida. Third District.
July 16, 1963.
Rehearing Denied September 10, 1963.
*832 Estelle G. Furlong and Hylan H. Kout, Miami Beach, for appellant.
John Lewis and Fred Patrox, Miami, for appellee.
Before CARROLL, HORTON and PEARSON, TILLMAN, JJ.
PER CURIAM.
The appellant, George Suritz, was the plaintiff in the trial court. He appeals from a final judgment for defendant entered pursuant to a directed verdict granted at the close of plaintiff's case.
In his complaint Suritz alleged that he had retained the defendant, Milton Kelner, as his attorney to represent him in an action for damages for personal injuries caused by the negligence of Air Control Products, Inc. The complaint further alleged that after employment, the attorney delayed instituting action for a period longer than one year, and thereafter the action was subject to the provisions of § 440.39(4) (a), Fla. Stat., F.S.A. which provides that if the injured employee shall fail to bring his action against a third party tort-feasor within one year then the action may be brought by the employer's Workmen's Compensation carrier. Further negligence of the defendant was alleged in that he advised Suritz not to answer certain interrogatories propounded to him, resulting in the dismissal with prejudice of the action against the tort-feasor brought by the carrier.
In the subsequent action by Suritz against his attorney, a summary judgment was entered for the defendant. Upon appeal, this Court reversed the summary judgment with an opinion reported at 134 So.2d 259. The holding was that upon the record as it existed at that time, there was a genuine issue of material fact as to the alleged negligence of the attorney.
The cause came on for trial, and at the conclusion of plaintiff's case the Court directed a verdict for the defendant-appellee, Kelner. The trial judge has given us the benefit of his conclusions in the order, which is in part as follows:
"In the instant case, the issues were framed by a complaint, paragraph 2 of which alleges a cause of action in negligence against Air Control, Inc., and paragraph 9 which alleges the loss by the plaintiff of his cause of action because of the malpractice of the defendant attorney. Both paragraphs were denied by the answer and the plaintiff had the burden of presenting a prima facie case.
"At the conclusion of all of the plaintiff's affirmative evidence, it appears to the Court that the plaintiff has failed to prove a good cause of action against Air Control, Inc. for the following reasons:
"1. The record is void of evidence or reasonable inference showing how long the steel cover had been moved from its protective position covering the ditch in question.
"2. When the plaintiff walked into an unfamiliar area which he knew was very rough at a time when it was so dark that he could not see his hand in front of him his act constituted contributory *833 negligence as a matter of law and would have barred his recovery as against Air Control, Inc. as well as his recovery in the instant suit.
"The plaintiff has failed to show a prima facie case of malpractice against the defendant attorney in the following respects:
"1. The instant record is void of any basis upon which a jury could determine the standard of care involving not only the Rules of Procedure in our Courts insofar as a third party negligence action is concerned, but also the complicated aspects of the Workmen's Compensation Act in this State.
"2. The record is void of any competent evidence showing that the defendant directed the plaintiff not to answer interrogatories as alleged in the complaint.
"3. No evidence was presented showing the standard of care of attorneys in the community or that the defendant violated such standard of care.
"4. No evidence was presented showing that the defendant failed to exercise reasonable care and skill.
"5. The plaintiff has failed to show that he had a valid cause of action which was lost as a proximate result of the alleged lack of reasonable care and skill by the defendant."
We think that the following facts appearing in the record are necessary to a determination of this appeal. The plaintiff-appellant offered evidence of his employment of attorney, Kelner. The employment was not for a specified time, but was for the prosecution of the action against Air Control Products. After the insurance company brought its complaint against Air Control Products, Inc., interrogatories were propounded to plaintiff, Suritz, by the defendant in that suit. The attorney who represented Air Control testified that prior to this time, he had a conversation with attorney, Kelner, in which Kelner suggested that interrogatories be propounded to Suritz and that Suritz would refuse to answer the interrogatories so that the suit would be dismissed. When interrogatories were propounded, the plaintiff, Suritz, did fail to answer. Mr. Suritz' testimony was that when he was notified by the attorney for the carrier that he must answer interrogatories, he contacted Mr. Kelner and was instructed to do nothing in regard to them. Suritz further testified that he did as instructed by Mr. Kelner and heard nothing further about the interrogatories. It is clear that the interrogatories were later sent to Mr. Kelner. The attorney who represented the insurance carrier testified that he then called Mr. Kelner and informed him of an order by the trial judge directing Mr. Suritz to answer the interrogatories on penalty of dismissal of the action. Thereupon, Mr. Kelner replied that he was not going to allow Mr. Suritz to answer the interrogatories.
We think that a jury could have concluded that Mr. Kelner wanted the suit dismissed, and used the interrogatories as a means of procuring that result. An attorney practicing as an officer of the court is charged with the knowledge that under the Rules of Civil Procedure the action of his client in refusing to submit to discovery may subject that client to the possibility of the loss of his cause of action. We do not imply that Mr. Kelner wanted the suit dismissed with prejudice, although this was the unfortunate result. The trial judge dismissed the first suit against Air Control Products, Inc. under § 1.35(b) of the Florida Rules of Civil Procedure, 30 F.S.A., as it then existed, specifying that such dismissal was an adjudication on the merits unless otherwise indicated.[1] Thereafter, *834 Kelner instituted a new complaint against Air Control Products, Inc. This complaint was ultimately dismissed based on the defendant's affirmative defense of res adjudicata.
The gravamen of the plaintiff's complaint against his attorney is the claim that the attorney negligently failed to tell him to answer interrogatories which were properly served. There is no doubt that Kelner knew that Suritz would not answer the interrogatories unless he told him to do so. Also it is clear that the failure to answer resulted in the dismissal with prejudice. Under these circumstances, an issue was presented for the jury as to whether the attorney was negligent.
It is urged by the appellee that the plaintiff-appellant failed to establish a prima facie case because he failed to present the testimony of an expert witness to prove that the advice which led to the loss of the cause of action was negligently given. In support of this position appellee relies upon Dohr v. Smith, Fla. 1958, 104 So.2d 29. We think that case does not support this proposition. In the instant case, if the jury finds the facts to be as presented by the plaintiff, the negligence of the attorney may appear from these facts without the need of expert testimony. Cf., Dohr v. Smith, Fla. 1958, 104 So.2d 29; Atkins v. Humes, Fla. 1959, 110 So.2d 663, 81 A.L.R. 2d 590; Merola v. Stang, Fla.App. 1961, 130 So.2d 119.
We turn now to the question of whether the plaintiff-appellant, Suritz, lost anything when he lost his cause of action. The trial judge in the suit here appealed found that plaintiff's evidence was insufficient to show a good cause of action in plaintiff-Suritz against Air Control Products, Inc. (See supra, paragraphs numbered 1 and 2 of the order).[2]
Suritz was the helper on a truck with which he made a delivery after dark to the premises of Air Control Products, Inc. After Suritz completed his delivery, he was requested by an agent or employee of Air Control Products to close a gate. In compliance with this request, Suritz proceeded across the dark delivery area to the gate. He admitted that when he drove his truck up to the loading platform, he could tell that the terrain was "very rough", and he admitted that he was unfamiliar with the area. He was pushing the gate closed when he stepped into the ditch which was located one or two feet from the loading platform.
Appellee relies upon Delany v. Breeding's Homestead Drug Co., Fla. 1957, 93 So.2d 116, as support for the proposition that under the facts stated, the plaintiff-appellant was guilty of contributory negligence as a matter of law. We do not think that the holding of the cited case sustains appellee's position because in that case the court reversed a summary judgment for the defendant where the plaintiff had proceeded in the dark over an unfamiliar area. The case held that the question of negligence or contributory negligence should have been determined only after a full trial on the merits. The evidence in the record is that the plaintiff was either invited or directed by an agent of Air Control Products, Inc. to proceed as he did. Under these circumstances we think the issue of contributory negligence was for the jury.
One other matter, not discussed in the briefs but noted by the trial judge in his order, is the suggestion that there had been a protective steel cover for the ditch into which plaintiff fell, and that it had been *835 removed by an unidentified person. We have reviewed the record and find no evidence that such a cover existed at the time of the accident.
For the reasons discussed, the trial judge erroneously directed a verdict for the defendant.
Reversed and remanded for a new trial.
NOTES
[1] The wording and arrangement of Rule 1.35 was changed in 1962 (In re Florida Rules of Civil Procedure, Fla., 139 So.2d 129), but the effect of the portion of the rule here applicable is unchanged.
[2] It will be observed that appellee's position is somewhat inconsistent with his actions. His contention is that the cause of action was valueless, but he had accepted employment to prosecute it and did, in fact, attempt to prosecute the action after the dismissal of the complaint brought by the insurance company's attorney.