271 So.2d 217 (1973)
Irwin J. WEINER and Mark R. Rubin d/b/a Weiner and Rubin, Appellants,
v.
Nelia MORENO, Appellee.
No. 72-658.
District Court of Appeal of Florida, Third District.
January 3, 1973.
Rehearing Denied January 11, 1973.
As Amended on Rehearing March 6, 1973.
*218 Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendants, Irwin J. Weiner and Mark R. Rubin, seek review of a summary judgment as to liability and a jury verdict on damages entered against them in a legal malpractice action.
Angelo Moreno was involved in a serious automobile accident in which he sustained numerous and severe injuries. Following the accident Moreno was taken to Jackson Memorial Hospital where he underwent emergency surgery. At the conclusion of the operation two surgical packs were left in Moreno's body and within approximately two weeks he died. The defendants were retained by Mrs. Moreno to bring a malpractice action against Dade County for wrongful death. The claim was filed, but was dismissed for want of prosecution after the statute of limitations had run. Thereafter the instant suit was commenced against defendants by the widow Mrs. Moreno for legal malpractice, the court below entered a summary judgment on liability and a trial was held on damages *219 which resulted in a jury verdict in plaintiff's favor in the amount of $75,000. During the trial on damages, defendants were precluded from offering evidence as to the cause of Moreno's death. The trial judge ruled that this evidence went to the issue of the affirmative defense raised by defendants that the plaintiff's complaint was without merit and was filed by defendants primarily to force some settlement on plaintiff's hospital bill. On appeal defendants urge that decedent's death was a result of the severe injuries he received in the automobile accident, not the medical malpractice, and error is alleged due to the trial court's refusal to allow defendants the opportunity to present any evidence as to the proximate cause of Moreno's death.
It is fundamental law in Florida and throughout the United States that to recover on a negligence claim a plaintiff must prove a duty owed to plaintiff from defendant, a breach of that duty and an injury to plaintiff that was proximately caused by the breach. This basic legal premise is carried over unto an action against an attorney for legal malpractice. Maryland Casualty Co. v. Price, 231 F. 397 (4th Cir.1916) is a landmark decision concerning legal malpractice cases and the rule it established has been adopted in approximately forty-five states. The rule established in Price is:
"In a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) The attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client."
While Florida courts have not adopted the specific language of the Price rule, the substance of that rule is evident in various Florida cases. See Warwick, Paul and Warwick v. Dotter, Fla.App. 1966, 190 So.2d 596; Suritz v. Kelner, Fla.App. 1963, 155 So.2d 831; Suritz v. Kelner, Fla.App. 1961, 134 So.2d 259. In view of the Florida decisions reported which move toward the acceptance of Price, this court now affirmatively adopts Price and applies the rule quoted to the instant case.
Without question, the instant plaintiff has met the first two elements required in the Price test for the successful prosecution of a legal malpractice suit. However, the third element, "that such negligence resulted in and was the proximate cause of the loss to the client," has not been successfully proven by plaintiff because the jury in the trial for damages, due to the trial judge's ruling, was not presented with the complete evidentiary picture which could have allowed it to make a determination that the medical malpractice rather than the automobile accident was the proximate cause of Mr. Moreno's death.
From the facts presented to the jury the value of plaintiff's action against Dade County could not be accurately determined. An analogy can be drawn between a legal malpractice case and a medical malpractice case. In Rosen v. Parkway General Hospital, Fla.App. 1972, 265 So.2d 93 a child was seriously injured in an automobile accident and no evidence, circumstance or implication existed to support any other view except that the child's death was a result of the accident as opposed to alleged medical malpractice. The mother of the deceased child could not recover against the attending doctors because she failed to prove that medical malpractice was the cause of her daughter's death. The court held that the child would have died regardless of the acts of the doctors and that their breach of duty was immaterial.
Applying the rational of Rosen, the instant plaintiff cannot recover against the defendant lawyers if her husband's death was the result of the automobile accident rather than the medical malpractice. Therefore, it is necessary for a determination to be made as to the proximate cause of decedent's death, and then to evaluate the plaintiff's claim against defendants since it is possible that defendants' legal *220 malpractice did not proximately cause damage to plaintiff.
As noted earlier herein, the trial court granted a partial summary judgment against the defendants on liability. Where there remained undisposed of the genuine triable issue of proximate cause, the summary judgment fixing liability on the defendants went too far. It was proper to the extent that it eliminated from trial the issues of employment of the defendant attorneys and their negligence, which were conclusively established. See Rule 1.510(d) F.R.C.P., 31 F.S.A. However, on the trial which was held, and upon the new trial here ordered, proximate cause was and is a triable issue.
Accordingly, the final judgment is reversed and the cause is remanded for a new trial solely on the issue of proximate cause.