359 So.2d 457 (1978)
ADAMS, GEORGE & WOOD, a Professional Association and St. Paul Insurance Company, a Foreign Corporation, Appellants,
v.
The TRAVELLERS INSURANCE COMPANY, a Connecticut Corporation, Appellee.
No. 76-2167.
District Court of Appeal of Florida, Third District.
January 10, 1978.
Rehearing Denied June 28, 1978.
Iva W. Kay, Jr. and M.J. Kortis, Miami, for appellants.
Robert C. Ward, Miami Beach, for appellee.
Before HAVERFIELD, C.J., HENDRY, J., and DREW, E. HARRIS (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
Defendant, Adams, George & Wood, P.A., appeals an adverse final summary judgment in this legal malpractice action and contends that the trial judge erred in finding as a matter of law that it was negligent in failing to have two cases consolidated.
Plaintiff, The Travelers Insurance Company, issued a fire insurance policy to Agal Enterprises, Inc. d/b/a Old Mexico Restaurant covering the contents of the restaurant. Messana Contractors Corporation held a chattel mortgage on some of the contents of the restaurant and the Travelers' policy contained a loss-payee clause in favor of Messana. A fire loss occurred damaging the restaurant's contents and suspecting arson, Travelers refused to pay the claim. Agal filed suit in circuit court against Travelers which retained Adams, George & Wood, P.A. to represent its defense. Thereafter, Messana, as loss-payee, filed a suit against Travelers in the civil court of record and Travelers also retained Adams, George & Wood, P.A. to defend this action. Travelers filed an answer in the Messana case and a motion to transfer the cause to the circuit court to have it consolidated with the pending Agal suit. *458 However, this motion was never ruled upon. Subsequently, Agal received a judgment against Travelers for $2,655 plus interest and attorneys' fees and approximately six months later Messana was awarded a judgment against Travelers for $4,132 plus interest and attorneys' fees. Travelers thereupon filed the instant malpractice action against Adams, George & Wood, P.A. on the ground that it was negligent in failing to have the Agal and Messana cases consolidated to prevent the two separate judgments from being entered against Travelers for the same property loss. Pretrial discovery ensued and the parties entered into a pretrial stipulation as to the Travelers' policy, the fire loss and the judgments entered against Travelers in favor of Agal and Messana. Travelers moved for summary judgment and after hearing, the trial judge entered summary final judgment for $6,498.08[1] in favor of Travelers.
In order to prevail in a suit against an attorney for negligence, the plaintiff must prove (1) the attorney's employment, (2) his neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). In the case sub judice a question of fact arises with respect to the second and third elements as stated above. Travelers alleges it had to pay twice for the same property. Nevertheless, it appears that in addition to the contents upon which Messana held a chattel mortgage, there were other furnishings and fixtures put in the restaurant by Agal and, thus, Agal's insured interest differed from that of Messana. In fact, the amount of the Agal judgment was substantially different from that of Messana which may refute Travelers allegation that the two separate judgments were for the same property loss. Therefore, the question arises of whether, in fact, Travelers paid twice for the same property loss. Second, the consolidation of actions ordinarily rests in the sound discretion of the court. See Fla.R.Civ.P. 1.270 and Brody Const., Inc. v. Fabri-Built Structures, Inc., 322 So.2d 61 (Fla. 4th DCA 1975). It is, therefore, apparent that even if the motion to transfer and consolidate had been heard in the Messana case, there is no assurance the motion would have been granted. Further, although the cases were not consolidated, defendant did move the trial court to join Messana in the Agal case as an indispensable party which was denied. Thereafter, defendant did succeed in joining Agal as a third-party defendant in the Messana case resulting in a $3,821.15[2] judgment for Travelers against Agal.
We conclude that Travelers failed to carry its burden to show conclusively the absence of any genuine issue of material fact and that it was entitled to judgment as a matter of law. See Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.Sup.Ct., opinion filed September 8, 1977).
The summary judgment is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] The same amount as the total Messana judgment against Travelers.
[2] The total amount Agal recovered against Travelers in its circuit court case.