365 So.2d 461 (1978)
Ruth I. DRAWDY, Appellant,
v.
Herbert P. SAPP, Jr., Appellee.
No. KK-80.
District Court of Appeal of Florida, First District.
December 28, 1978.
*462 Robert B. Staats, Panama City, for appellant.
Marvin Urquhart, Jr., Panama City, for appellee.
PER CURIAM.
The issue on this appeal is whether the trial court erred in dismissing appellant's complaint against appellee for legal malpractice. The complaint alleged that appellee, representing appellant's husband in divorce proceedings, negligently prepared a deed conveying certain property from the husband to appellant and that subsequently she incurred damages when she was unable to sell the property to willing purchasers at a favorable price because of the defect in title caused by that negligence. The record revealed that appellant had been represented by her own counsel in the divorce proceedings. Appellee's motion to dismiss urged that the complaint failed to state a cause of action because it failed to allege facts giving rise to a legal duty owed appellant by appellee in that he was not her attorney. After a hearing the trial court agreed.
We affirm. Generally in a suit against an attorney for negligence, the plaintiff must prove: (1) the attorney's employment; (2) his neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the client. Maryland Casualty Co. v. Price, 231 F. 397 (4th Cir.1916), as adopted in Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973).
There is a limited exception to this general rule in will-drafting cases, see Annotation, "Attorney's liability to one other than his immediate client for consequences of negligence in carrying out legal duties," 45 A.L.R.3d 1181 (1972); and the Fourth District Court of Appeal adopted the exception in McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). Subsequently, however, the Fourth District Court of Appeal declined to further extend the liability of an attorney to a nonclient in Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977).
We know of no authority, nor was any cited, holding that where both parties are represented by counsel, an error by the lawyer not representing the allegedly injured party will render him liable to that party.
Accordingly, there being no error in the dismissal of appellant's complaint, the order is AFFIRMED.
McCORD, C.J., ERVIN and MELVIN, JJ., concur.