499 So.2d 840 (1986)
Delphine MEUS and Erith Meus, Appellants,
v.
EAGLE FAMILY DISCOUNT STORES, INC., a Florida Corporation, Appellee.
No. 85-2701.
District Court of Appeal of Florida, Third District.
August 12, 1986.
David C. Arnold, Miami, for appellants.
Richard E. Hardwick, Daniels and Hicks, Bambi G. Blum, Miami, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
The defendant-appellee moves to dismiss the plaintiffs' appeal as untimely. It asserts, in essence, that the trial court's entry of a directed verdict against the plaintiffs, rather than the later entry of judgment thereon, started the ten-day clock running for the plaintiffs and that, therefore, the plaintiffs' new trial motion filed *841 eighteen days after the directed verdict, being untimely, did not stay the time for taking an appeal. While we find the appellee's motion inventive and provocative, we conclude, as will be seen, that because a directed verdict is not tantamount to the return of the verdict, the motion to dismiss the appeal must be denied.
On September 12, 1985, during jury trial of this matter, the trial court, at the conclusion of the plaintiffs' case, granted the defendant's motion for directed verdict and immediately thereafter discharged the jury. The directed verdict was entered in the trial minutes on that date. The trial court signed a final judgment on the verdict on September 18, 1985, and filed the judgment on September 19, 1985. The plaintiffs served their motion for new trial on September 30, 1985, and the trial court denied it as untimely on November 4, 1985. The plaintiffs filed their notice of appeal on December 3, 1985.
The defendant's position is straightforward. It submits that the verdict was "returned" within the contemplation of Florida Rule of Civil Procedure 1.530(b)[1] on September 12, 1985, when the trial court entered a directed verdict in the defendant's favor. That being so, the argument goes, the ten-day period for service of the plaintiffs' motion for new trial began on that date, making the last permissible day for service of the motion September 23, 1985.[2] And since the motion for new trial was not served until September 30, 1985, it was, according to the defendant, untimely and thus did not toll the time for taking an appeal. Therefore, the defendant concludes, the plaintiffs' notice of appeal was required to be filed on or before October 14, 1985,[3] not December 3, 1985,[4] as it was.
In earlier times when a trial court decided that the outcome of the trial could not possibly be a matter of dispute among the jurors, its practice was to direct the jury through an instruction or charge to return a specific verdict. This process of directing the jury to find a mandated result caused "embarrassment to the jurors and to the court." Blume, Origin and Development of The Directed Verdict, 48 Mich.L.Rev. 555, 589 (1950) (Blume). Today, the practice has been discontinued  although the lyric lingers on  and courts enter "directed verdicts" without the formality of a jury returning the preordained verdict. Indeed, as Florida Rule of Civil Procedure 1.480(a) provides, "[t]he order directing a verdict is effective without any assent of the jury."
But form aside, a directed verdict is today, as it has always been, a substantive ruling that "no verdict of any kind is necessary when the judge determines that there is no issue for a jury to try." Blume, supra at 590. Like its pretrial counterpart  the summary judgment  the directed verdict is a ruling that a reasonable-minded jury could not differ as to the existence of a material fact, that therefore no factual determination is required, and that judgment must be entered for the movant as a matter of law. In this respect, the motion which triggers the ruling is indistinguishable from its more modern criminal counterpart, the motion for judgment of acquittal. See Fla.R.Crim.P. 3.380; Fed.R. Crim.P. 29. The difference between the names used in criminal and civil practice is "purely one of nomenclature," not one of substance. Wright, 2 Federal Practice and Procedure § 461 at 636 (Criminal) (2d ed. 1982).
*842 This judicial determination that there is "no issue for a jury to try," Blume, supra at 590, is, as we have noted, a determination that there is no verdict to be returned. Thus, despite its name, a directed verdict does not function as a verdict, and indeed is the very antithesis of one.[5]
That a directed verdict is not a species of a verdict is perhaps more readily seen when both occur in the same action as when the trial court, having initially denied a motion for directed verdict or having deferred ruling thereon, grants a renewed motion for directed verdict after the jury has rendered a verdict against the moving party.[6] Surely in that situation it is clear that the directed verdict cannot be deemed the return of the verdict. Simply stated, a verdict is "[t]he formal decision or finding made by a jury" concerning matters of fact, Black's Law Dictionary 1398 (5th ed. 1979); see also Menfi v. Exxon Co. U.S.A., 433 So.2d 1327, 1329 (Fla. 3d DCA 1983) ("a verdict ... is rendered by the jury"), not a judicial ruling that there is nothing for the jury to resolve.
Accordingly, the motion to dismiss appeal is
Denied.
NOTES
[1] Florida Rule of Civil Procedure 1.530(b) provides in pertinent part: "A motion for new trial or for rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action."
[2] September 22, 1985, was a Sunday, and thus, the time for service would have been extended to the following non-holiday day. See Fla.R. Civ.P. 1.090(a).
[3] October 12 and 13, 1985, were, respectively, a Saturday and Sunday, and thus, the time for service would have been extended to Monday, October 14, 1985. See supra note 2.
[4] December 3, 1985, is within thirty days of the trial court's denial of the plaintiffs' motion for new trial as untimely on November 4, 1985.
[5] We acknowledge, of course, that the author's comment to Florida's directed verdict rule and the committee note to the comparable federal rule contain language which arguably suggests that a directed verdict is one type of verdict. See Author's Comment  1967 to Rule 1.480, 30A Fla. Stat. Ann. 299 (1985) (the directed verdict "enables the court to determine whether there was any question of fact to be submitted to the jury and whether any verdict other than the one directed would be erroneous as a matter of law." (emphasis supplied)); Notes of Advisory Committee on Rules to Fed.R.Civ.P. 50 ("The practice after the court has granted a motion for a directed verdict, requiring the jury to express assent to a verdict they did not reach by their own deliberations serves no useful purpose... ." (emphasis supplied)). The language is as imprecise as the continued use of the term directed verdict to describe a judicial ruling that obviates the need for a verdict, rather than directs one.
[6] The judgment entered upon such a motion is a judgment in accordance with the motion for directed verdict, although it is often mislabeled a judgment non obstante veredicto, j.n.o.v., or judgment notwithstanding the verdict. See McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969); DeMendoza v. Board of County Commissioners, 221 So.2d 797 (Fla. 3d DCA 1969).