512 So.2d 192 (1987)
ANGEL, COHEN and ROGOVIN, Petitioner,
v.
OBERON INVESTMENT, N.V., etc., Respondent.
No. 69398.
Supreme Court of Florida.
September 10, 1987.
*193 Douglas H. Stein and G. Bart Billbrough of Walton, Lantaff, Schroeder & Carson, Miami, for petitioner.
Shalle Stephen Fine, Miami, for respondent.
Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay & Klein, P.A., Miami, for The Florida Defense Lawyers Ass'n, amicus curiae.
PER CURIAM.
We review Oberon Investments v. Angel, Cohen and Rogovin, 492 So.2d 1113 (Fla. 3d DCA 1986), because of direct and express conflict with Amey, Inc. v. Henderson, Franklin, Starnes & Holt, P.A., 367 So.2d 633 (Fla. 2d DCA), cert. denied 376 So.2d 68 (Fla. 1979) and Drawdy v. Sapp, 365 So.2d 461 (Fla. 1st DCA 1978). Art. V, § 3(b)(3), Fla. Const.
This case deals with the actions of petitioner in its representation of one Leonard Treister. Respondent brought suit against Treister alleging that, while acting as attorney and agent for respondent, Treister arranged a transaction whereby respondent sold its wholly-owned subsidiary to an undisclosed principal, actually Treister, for a certain sum while concurrently arranging a second transaction reselling the same property to a third-party buyer for a larger sum, thus defrauding respondent. In a separate count, respondent Oberon alleged that the petitioner law firm represented Treister in preparing the sale documents and should have foreseen the damage to Oberon; ergo the petitioner was negligent in preparing the documents or failing to inform respondent of the nature and extent of the transactions or in permitting Treister to use the documents for defrauding petitioner. There was no allegation that the petitioner engaged in fraudulent or conspiratorial conduct. The trial court granted summary judgment in favor of the petitioner. On appeal, the district court reversed, holding that a lack of privity did not bar recovery if petitioner knew that Treister was a fiduciary for respondent and knew of the potential conflict between the interests of Treister and respondent. The court reasoned that should the issues of fact be resolved in respondent's favor, petitioner had a duty to act in the best interest of respondent. Accordingly, because there were material facts in dispute relative to Treister's capacity and petitioner's knowledge, the summary judgment was reversed and the case remanded.
Assuming as we must in the posture of the case that the petitioner was aware that Treister was a fiduciary of respondent and *194 was obligated to act in the best interests of respondent, the issue before this Court is whether such knowledge subjects the petitioner to an action in negligence brought by the third-party respondent.
Florida courts have uniformly limited attorneys' liability for negligence in the performance of their professional duties to clients with whom they share privity of contract. Ginsberg v. Chastain, 501 So.2d 27 (Fla. 3d DCA 1986); Drawdy; Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977). The only instances in Florida where this rule of privity has been relaxed is where it was the apparent intent of the client to benefit a third party. The most obvious example of this is the area of will drafting. Lorraine v. Grover, Ciment, Weinstein, & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985); DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983); McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976). Florida courts have refused to expand this exception to include incidental third-party beneficiaries. For the beneficiaries' action in negligence to fall within the exception to the privity requirement, testamentary intent as expressed in the will must be frustrated by the attorney's negligence and as a direct result of such negligence the beneficiaries' legacy is lost or diminished. We see no reason to expand this limited exception and specifically reject the invitation to adopt California's balancing of factors test. Biakanja v. Irving, 49 Cal.2d 647, 320 P.2d 16 (1958).
In the instant case, respondent was not the client of the petitioner and thus lacked the requisite privity customarily required to maintain an action sounding in negligence against an attorney. Nor does the respondent, as an incidental third-party beneficiary, fit within Florida's narrowly defined third-party beneficiary exception. Respondent's assertion that the petitioner knew or should have known of potential conflict between the interests of Treister and the respondent further undercuts his reliance on the third-party beneficiary exception. If, as respondent alleges, the petitioner knew of the conflict of interest between Treister and respondent, it was equally apparent that the professional services rendered Treister were not to benefit respondent. If, on the other hand, the petitioner did not know of the conflicting interest of Treister and respondent, petitioner's only duty was to its client, Treister. Accordingly, even should the material facts in dispute be resolved in the respondent's favor, they would not support its cause of action. The trial court correctly granted summary judgment. The district court's opinion is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.