PER CURIAM.
This is an appeal by the plaintiffs Tulio Vargas and his father from a final order dismissing their count for legal malpractice against the defendant Anthony Reinert. The gravamen of the legal malpractice claim is that the defendant, as counsel for the City of Hialeah, (1) agreed to a trial court order preserving a certain Ford van owned by the City of Hialeah which was involved in a motor vehicle accident upon which the plaintiffs had brought a negligence suit against the City of Hialeah and the Ford Motor Company, and (2) failed to inform his client, the City of Hialeah, concerning this agreed-upon order, which, in turn, resulted in the destruction of the van to the detriment of the plaintiffs.
We affirm the final order of dismissal upon a holding that the plaintiffs failed to allege a cognizable claim of legal malpractice against the defendant Reinert. This is so because there was never any privity of contract between the plaintiffs and the defendant. Indeed, the defendant was counsel for a party whom the plaintiffs had sued below; the plaintiffs were at no time represented by the defendant in this action.
“Florida courts have uniformly limited attorneys’ liability for negligence in the performance of their professional duties to clients with whom they share privity of contract, (citations omitted). The only instances in Florida where this rule of privity has been relaxed is where it was the apparent intent of the client to benefit a third party. The most obvious example of this is in the area of will drafting [where the testator’s attorney negligently fails to draft a will bequeathing money or property to certain beneficiaries in accord with the testator’s instructions]. (citations omitted). Florida courts have refused to expand this exception to include incidental third party beneficiaries.”
Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 193 (Fla.1987).
Nor are we persuaded by the plaintiffs’ argument that the rule of privity should be relaxed in this case under the above-stated exception. Plainly, it was not the intent of *265 the City of Hialeah, the defendant’s client, to confer a benefit on the plaintiffs when counsel agreed to the court order preserving the Ford van; the defendant was, in our view, simply representing the best interests of his client in this matter. Indeed, counsel was hired by the City of Hialeah to defeat the plaintiffs’ claim in its entirety. At best, then, the plaintiffs were merely incidental beneficiaries of the defendant’s legal services rendered on behalf of the City of Hialeah.
The final order of dismissal under review is therefore, in all respects,
Affirmed.