614 So.2d 604 (1993)
Leonard E. GREENBERG and Arnold C. Greenberg, Appellants,
v.
MAHONEY ADAMS & CRISER, P.A., et al., Appellees.
No. 91-2699.
District Court of Appeal of Florida, First District.
February 18, 1993.
Rehearing Denied March 30, 1993.
*605 Michael A. Hanzman of Zack, Hanzman, Ponce & Tucker, P.A., Miami, Albert N. Proujansky, Boynton Beach, for appellants.
Edward A. White, Jacksonville, for appellees.
SMITH, Judge.
Appellants appeal the trial court's order dismissing their professional malpractice suit against appellees. The trial court's order is based solely on the ground that appellants lacked privity with appellees and could not bring a legal malpractice action in that they did not come within the testamentary exception to the privity requirement. While ordinarily a party must share privity of contract with an attorney before he may bring suit for legal malpractice, the rule of privity is relaxed in Florida and a third party may bring suit despite the absence of privity where it was the apparent intent of the client to benefit the third party. Angel, Cohen & Rogovin v. Oberon Investment, N.V., 512 So.2d 192 (Fla. 1987). Appellants pled in their complaint that they were intended third party beneficiaries. The Oberon court recognized that the most obvious example of the third party intended beneficiary exception to the privity rule is in the area of will drafting; however, the court did not limit the exception to will drafting cases. The trial court's order indicates consideration of the sufficiency of this complaint based solely upon whether it came within the "testamentary exception" to the privity requirement, and this was the stated basis for the trial court's order granting the motion to dismiss with prejudice. We conclude that this error requires reversal, and in so doing, we decline to consider whether there are other factual and legal arguments which, if they had been considered by the trial court, might also have justified dismissal. In other words, we invoke the rule that these issues must be first considered and decided by the trial court. See, Wolfe v. American Savings and Loan Association of Florida, 539 So.2d 606, 608 (Fla. 3d DCA 1989), and cases therein cited.
REVERSED and REMANDED.
BARFIELD, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I would affirm based on Angel, Cohen & Rogovin v. Oberon Investment, N.V., 512 So.2d 192 (Fla. 1987), which I read, as did the trial court, to state a very limited exception to the privity requirement.