PER CURIAM.
This action began as a suit by the appellant, Buy Direct Jewelers, Inc. (Buy Direct), a jewelry retailer, to recover a loss on a jeweler’s block insurance policy allegedly issued by Lloyds of London (Lloyds). Initially, Buy Direct sought insurance for one of its jewelry stores through its insurance agent, R.A. Brandon (Brandon). Brandon in turn sought the policy through Paramount Insurance Agency (Paramount), who then sought the policy from a Lloyds underwriter. Before it would issue the policy, Lloyds surveyed the jewelry store and set out a list of ten security conditions which Buy Direct needed to perform. The Lloyds underwriter sent a telex to Paramount stating that Lloyds “will attach cover on receipt of confirmation that [the ten security conditions] will be done within 30 days....” Paramount conveyed this telex to Brandon who in turn conveyed it to Buy Direct. On September 25, 1987, Buy Direct’s president signed a confirmation letter verifying that Buy Direct would comply with the ten security conditions within the required thirty-day period.
A loss occurred before the end of the thirty-day period, and Lloyds denied coverage claiming that Buy Direct had not fully complied with the ten security conditions. Buy Direct hired the appellees, Aronovitz & Jacobs, P.A. and Tod Aronovitz (Aronovitz), to sue Lloyds and the agents who helped them procure the policy. Pursuant to separate motions for partial summary judgment made by the Lloyds underwriter and Buy Direct, the trial court entered a partial summary judgment in favor of Buy Direct concluding that Lloyds bound coverage as of the date that Buy Direct sent the confirmation, but added that coverage during the first thirty days was subject to defeat if Buy Direct had not completed the ten security conditions within the allotted time. The trial court then submitted the issue of compliance with the policy conditions to the jury who found that the ten conditions had not been complied with in the allotted time and therefore rendered a verdict in favor of Lloyds. Following the verdict, Buy Direct terminated Aronovitz as its counsel and hired another attorney to handle the appeal.
On appeal to this Court, Buy Direct’s appellate counsel conceded during argument that, in his view, Aronovitz, as Buy Direct’s trial counsel, had failed to properly raise, and therefore preserve, the issue of unconditional coverage during the original trial court proceedings. Consequently, based upon this concession, this Court affirmed the lower court’s order.
Following Buy Direct’s appeal, Aronovitz sued Buy Direct to recover fees and costs allegedly owing from their attorney/client relationship. Although Aronovitz voluntarily dismissed its suit against Buy Direct, Buy Direct counterclaimed against Aronovitz alleging professional malpractice for, among other things, failing to preserve the issue of unconditional coverage during the original action. In the malpractice action, the trial court entered an order dismissing Buy Direct’s malpractice claim against Aronovitz finding that Aronovitz had properly preserved the issue of unconditional coverage in the original action. Upon Aronovitz’ motion, the trial court also dismissed Buy Direct’s claim against Aronovitz for failing to pursue a claim against their insurance agents. Buy Direct now appeals the trial court’s entry of summary judgment in favor of Aronovitz.
All parties now stipulate, and we agree, that the insurance policy purchased by Buy Direct provided unconditional coverage for the thirty-day period beginning when Buy Direct sent written confirmation that it was accepting the terms of the policy outlined in the telex that had been sent to Buy Direct by the Lloyds underwriter.
Accordingly, the trial court, in the original action, was in error when it determined that coverage during that initial thirty-day period was conditioned upon Buy Direct complying with the ten security conditions set forth in the telex. Clearly, the question of whether or not Buy Direct complied with the ten security conditions only related to whether coverage would continue after the initial thirty-day period. Since unconditional coverage during the initial thirty-day period existed as a matter of law, it was error for the trial *898 court to ask a jury to determine whether Buy Direct had complied with the ten security conditions in connection with coverage for the initial thirty-day period. See Coleman v. Florida Ins. Guar. Ass’n, 517 So.2d 686 (Fla. 1988) (the question of the extent of coverage is a matter of law and is therefore subject to plenary review).
Unlike the question of insurance coverage during the initial thirty-day period, which can be, and should have been, decided as a question of law, the question of what actions were taken by Buy Direct’s trial counsel (in the original action), and whether those actions were reasonable or negligent in nature, cannot be determined as a matter of law on the record before this Court. It is improper to grant summary judgment in a legal malpractice action where there are outstanding issues of fact. See Adams, George & Wood v. Travelers Ins. Co., 359 So.2d 457 (Fla. 3d DCA 1978); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). The record filed herein does not reflect all of the actions that were taken, or all of the arguments that were made, by Aronovitz during the original trial proceedings. Although there is a reference made in the record to an argument made by Aronovitz in response to a motion for summary judgment filed by one of the insurance agents in the original action (not Lloyds), the record before us does not reflect whether Buy Direct took a similar position, or made a similar argument, in furtherance of obtaining any affirmative relief, either in pre-trial hearings or during the actual trial from which Buy Direct initially took an appeal, against Lloyds; the insurance carrier from whom all parties now agree Buy Direct was entitled to unconditional coverage during the initial thirty-day period.
Once the parties in this case have had the opportunity to present evidence reflecting what was or was not done by Aronovitz during the original trial, the trial court will be in a better position to determine whether there is a disputed issue of material fact, thereby requiring a trial or, in the alternative, whether there are no disputed issues of material fact, thereby making it appropriate for the trial court, at that time, to resolve the case through the entry of a summary judgment.
Consequently, the trial court was in error in granting a summary judgment herein. Accordingly, the summary judgment is reversed, and this cause is remanded to the trial court for farther proceedings concerning Aronovitz’ handling of Buy Direct’s original lawsuit against Lloyds.
Reversed and remanded.