ORDER DETERMINING TIMELINESS OF APPEAL

PER CURIAM.
While considering a motion to dismiss an appeal from an order awarding attorney’s fees, we asked the appellant to show cause why the appeal from final judgment should not be dismissed since his motion for new trial was not served within ten days of the directed verdict. If the motion for new trial was not timely served, it would not toll the time for taking the appeal, and we would not have jurisdiction. Casto v. Casto, 404 So.2d 1046 (Fla.1981).
Florida Rule of Civil Procedure 1.530(b) provides that a motion for new trial shall be “served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action.” In this case, the motion for new trial was served within ten days of the judgment, but more than ten days after the court directed a verdict.
The rule, in our opinion, is unclear. When the judge directs a verdict, there is no “return” of the verdict, because an order directing a verdict is “effective without any assent of the jury.” Fla. R. Civ. P. 1.480(a). Yet the rule would make it appear that the ten day period would only run from the judgment in a “non-jury action.”[1]
The only case we find on point is Meus v. Eagle Family Discount Stores, Inc., 499 So.2d 840, 842 (Fla. 3d DCA 1986), in which the third district reasoned that “a directed verdict does not function as a verdict, and indeed is the very antithesis of one.” The court thus concluded that it was the judgment, not the directed verdict, which started the running of the ten day period for service of the motion for new trial.
We conclude that Mens provides the better way to interpret this rule, because otherwise *1092 the lack of clarity can result in appeals being dismissed on technicalities rather than being heard on their merits. Also, if we were to hold that the time ran from the directed verdict, it would be the only time period which would run from what is usually an oral pronouncement of the court. We therefore conclude that the motion for new trial and appeal were timely.
POLEN, KLEIN and SHAHOOD, JJ., concur.

. Under Federal Rule of Civil Procedure 59, the counterpart to Florida's Rule 1.530, it is always the judgment which triggers the time period for a motion for a new trial.