The Honorable Thomas E. Penick, Jr. Circuit Court Judge Sixth Judicial Circuit The Judicial Building, Room 300 545 First Avenue North St. Petersburg, Florida 33701
Dear Judge Penick:
You ask the following question:
Does an attorney representing a guardian of a person adjudicated incapacitated and who is compensated from the ward's estate for such services assume a duty to the ward as well as to the guardian?
In sum:
Since the ward is the intended beneficiary of the guardianship, an attorney who represents a guardian of a person adjudicated incapacitated and who is compensated from the ward's estate for such services owes a duty of care to the ward as well as to the guardian.
Generally an attorney's duty of care in the performance of his professional duties, and thus his liability for negligently performing such duties, is to the client with whom the attorney shares privity of contract.[1] In a legal context, the term "privity" is a term of art derived from the common law of contracts and is used to describe the relationship of persons who are parties to a contract.[2]
Some jurisdictions have used a balancing of factors test to determine third-party liability.[3] For example, California iniakanja v. Irving,[4] established the following test:
"The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balance of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm."[5]
In Angel, Cohen and Rogovin v. Oberon Investment, N.V.,[6]
however, the Supreme Court of Florida expressly rejected the California balancing of factors test. The Court stated:
"Florida courts have uniformly limited attorneys' liability for negligence in the performance of their professional duties to clients with whom they share privity of contract. . . . The only instance in Florida where this rule of privity has been relaxed is where it was the apparent intent of the client to benefit a third person. . . . Florida courts have refused to expand this exception to include incidental third-party beneficiaries."[7]
While the Court in Angel was concerned with an attorney's negligence in drafting wills, subsequent court decisions have stated that the exception to the privity requirement is not limited solely to that area.[8] Thus, the courts have extended liability to those situations where a duty of care exists between a third party and a professional, despite the lack of direct contractual privity. For example, the Supreme Court inBaskerville-Donovan Engineers, Inc.[9] stated:
"Third-party beneficiary principles have been employed recently in tort law to expand liability where a duty of care exists between a third party and a professional, again despite the lack of direct contractual privity. However, this Court has clearly distinguished between privity and duty of care as separate means of proving a professional's liability. Clearly, privity between the parties may create a duty of care providing the basis for recovery in negligence. . . . However, lack of privity does not necessarily foreclose liability if a duty of care is otherwise established."
Thus, in Florida, a person seeking to bring a legal malpractice action must either be in privity with the attorney or, alternatively, the person must be an intended third-party beneficiary of the attorney's actions.[10]
The courts have recognized a duty of care with respect to the intended beneficiaries of wills.[11] In addition, the Fourth District Court of Appeal in Rushing v. Bosse[12] held that the attorney for adoptive parents also owed a duty to the child who was the subject of the adoption. The court concluded that the child was the intended beneficiary of the adoption proceeding and that it was the intent of the adoptive parents to benefit the child by adopting her. Since adoption proceedings are intended to serve the best interests of the child, the court found that the attorney, although in privity with the adoptive parents and not the child, owed a duty of care to the child to be adopted.
Thus, a negligence action could be maintained on behalf of the child against the attorney since the child was the intended beneficiary of the proceedings.
Under the state's guardianship statutes, it is clear that the ward is the intended beneficiary of the proceedings.[13] Section744.108, Florida Statutes, authorizes the payment of attorney's fees to an attorney who "has rendered services to the ward or to the guardian on the ward's behalf[.]" Thus, the statute itself recognizes that the services performed by an attorney who is compensated from the ward's estate are performed on behalf of the ward even though the services are technically provided to the guardian.[14] The relationship between the guardian and the ward is such that the ward must be considered to be the primary or intended beneficiary and cannot be considered an "incidental third-party beneficiary."
Accordingly, I am of the opinion that as the ward is the intended beneficiary of the guardianship, an attorney who represents a guardian of a person adjudicated incapacitated and who is compensated from the ward's estate for such services owes a duty of care to the ward as well as to the guardian.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, Brennan v. Ruffner, 640 So.2d 143 (Fla. 4th DCA 1994).
[2] See, Baskerville-Donovan Engineers, Inc. v. PensacolaExecutive House Condominium Association, Inc., 581 So.2d 1301
(Fla. 1991); Espinosa v. Sparber, Shevin, Shapo, Rosen andHeilbronner, 612 So.2d 1378 (Fla. 1993).
[3] See, e.g., Fickett v. Superior Court of the State ofArizona, 558 P.2d 988 (Ariz.Ct.App. 1976); Schick v. Bach, 238 Cal. R. 902 (Cal.2d DCA 1987); Denison State Bank v. Madeira,640 P.2d 1235 (Kan. 1982). And see, Arpadi v. First MSP Corporation,68 Ohio St.3d 453 (1994), in which the court concluded that those persons to whom a fiduciary duty is owed are in privity with the fiduciary such that an attorney-client relationship established with the fiduciary extends to those in privity therewith regarding matters to which the fiduciary duty relates.
[4] 320 P.2d 16 (Cal. 1958).
[5] See also, Albright v. Burns, 503 A.2d 386 (N.J.App. Ct. 1986).
[6] 512 So.2d 192 (Fla. 1987).
[7] Id., at 194.
[8] See, Greenberg v. Mahoney Adams Criser, P.A.,614 So.2d 604 (Fla. 1st DCA 1993), review denied, 624 So.2d 267 (Fla. 1993); Rushing v. Bosse, supra.
[9] 581 So.2d 1301, 1303 (Fla. 1991).
[10] Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner,supra at 1380.
[11] See, e.g., Angel, Cohen and Rogovin v. Oberon Investment,N.V., supra.
[12] 652 So.2d 869 (Fla. 4th DCA 1995).
[13] See, s. 744.1012, Fla. Stat., setting forth legislative intent for the Florida Guardianship Law, Ch. 744, Fla. Stat.; ss.744.441, 744.444, and 744.361 Fla. Stat., setting forth the powers of a guardian.
[14] Cf., Sun Bank and Trust Company v. Jones, 645 So.2d 1008
(Fla. 5th DCA 1994) (guardian and attorney representing guardian cannot charge ward fees for unauthorized services which they have rendered); Lucom v. Atlantic Nat. Bank of West Palm Beach,97 So.2d 478 (Fla. 1957). And see, Centrust Savings Bank v. BarnettBanks Trust Company, 483 So.2d 867, 869 (Fla. 5th DCA 1986) (principle that it is wrong to knowingly participate or assist a trustee in a breach of trust applies to those who assist anyone in the breach of his fiduciary duties and the term fiduciary includes not only court appointed guardians, executors, and administrators but every person acting in a fiduciary capacity).