701 So.2d 1228 (1997)
Alan P. STEPT and Edythe E. Eisenberg, individually and as residuary beneficiaries of the revocable Living Trust created by Samuel Stept and Celia Stept, Appellants,
v.
August C. PAOLI and Charles E. Paoli, Jr., individually and as Co-Partners, d/b/a Paoli & Paoli, Appellees.
No. 96-2111.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
*1229 Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, and Douglas Blankman of Kopelman & Blankman, P.A., Fort Lauderdale, for appellants.
G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellee August C. Paoli.
Kenneth J. Nolan of Kenneth J. Nolan, P.A., Hollywood, for appellee Charles E. Paoli, Jr.
DAKAN, STEPHEN L., Associate Judge.
Appellants, Alan Stept and Edythe E. Eisenberg, were the ultimate beneficiaries of revocable living trusts created by their parents. The trusts were executed in 1985 and amended in 1986. Appellants' father, Samuel Stept, died in 1991. Appellants' mother, Celia Stept, died in 1994.
Appellants filed a legal malpractice action against the Appellees, August C. Paoli and Charles E. Paoli, Jr., alleging that the lawyers were negligent by including language that created a general power of appointment in the surviving spouse over trust assets of the first spouse to die. Appellants alleged that as a result of this claimed negligence, they were required to pay federal estate taxes to the Internal Revenue Service of over $100,000.00.
The trial court dismissed Appellants' complaint with prejudice, citing the Florida case of Kinney v. Shinholser, 663 So.2d 643 (Fla. 5th DCA 1995). The court of appeals in that case cited Espinosa v. Sparber, Shevin, Shapo, Rosen and Heilbronner, 586 So.2d 1221 (Fla. 3d DCA 1991), in holding that since the will creating the trust prepared by Shinholser did not contain the expressed intent of the testator to avoid or minimize taxes, the plaintiff had no cause of action for legal malpractice against Shinholser.
Appellants' complaint does not allege, nor does the trust document attached contain, any expressed intent by either Samuel Stept or Celia Stept that taxes should be avoided or at least minimized.
Appellants seem to concede that the trust documents do not contain this language and seem to concede that Kinney v. Shinholser, supra, is a correct statement of Florida law on legal malpractice claims against lawyers who prepared wills and testamentary trusts.
Appellants argue, however, that since the trusts were revocable living trusts, the law stated in Kinney, Espinosa, and Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla.1987), does not apply. We find no legal support for that argument nor any other basis to make the requested distinction. Appellees did no legal work for Appellants. They are residuary beneficiaries of the trusts. The Supreme Court of Florida observed that although the rule of privity has been relaxed in will drafting instances, it is only relaxed to the extent that the testamentary intent expressed in the will is frustrated. Angel, Cohen & Rogovin, supra. Although the trusts in this case were revocable living trusts, they were also part of the settlors' estate plan. Like the Supreme Court of Florida, we see no reason to expand the limited privity exception and reject Appellants' invitation to do so.
AFFIRMED.
STONE, C.J., and GROSS, J., concur.