# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1354
Lower Tribunal No. 20-12542
_____

**Olga Vakulovska,**
Appellant,

vs.

**Sergii Vakulovskyi,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marlene Fernandez-Karavetsos, Judge.

Olga Vakulovska, in proper person.

No Appearance, for appellee.

Before SCALES, HENDON and GORDO, JJ.

PER CURIAM.

## ON ORDER TO SHOW CAUSE

Olga Vakulovska seeks appellate review of an order of final judgment of dissolution of marriage and an order denying her motion to amend or alter the judgment, impute income and sanctions. On July 26, 2023, this Court ordered Vakulovska to show cause why this appeal should not be dismissed as untimely. We find Vakulovska's notice of appeal was untimely, which renders this Court without appellate jurisdiction to review the orders on appeal.

This Court's jurisdiction is invoked by the filing of a notice of appeal "with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed . . . ." Fla. R. App. P. 9.110(b). The underlying final judgment at issue was entered on March 9, 2023. Vakulovska did not file her notice of appeal until July 23, 2023—136 days after rendition of the order she asks this Court to review. She argues, however, that her subsequent motion to amend the final judgment tolled rendition of the final judgment.

Florida Rule of Appellate Procedure 9.020(h)(1)(D) provides that an *authorized and timely* filed motion to alter or amend tolls rendition of an order. Pursuant to Florida Rule of Civil Procedure 1.530(g), "[a] motion to alter or amend the judgment shall be served not later than 15 days after the date of filing of the judgment . . . ." Vakulovska filed her motion to amend or alter

the judgment on March 30, 2023, after the fifteen-day deadline expired.  As the relevant motion to amend was untimely, we find it did not toll rendition of the final judgment.  See Hemmerle v. Gen. Motors Acceptance Corp., 680 So. 2d 1091, 1091 (Fla. 4th DCA 1996) (noting that "[i]f the [rule 1.530] motion . . . was not timely served, it would not toll the time for taking the appeal").

     Dismissed.