448 So.2d 1058 (1984)
Teodoro J. TORRES and Victor Torres, Appellants,
v.
Leroy W. NELSON and Louis J. Weinstein, Appellees.
No. 83-1295.
District Court of Appeal of Florida, Third District.
March 20, 1984.
Rehearing Denied May 9, 1984.
*1059 Joe N. Unger, T. Patrick Ford, Jr., Miami, Yvette G. Murphy, Coral Gables, for appellants.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and A.H. Toothman and John Wylie, Miami, for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal from a final summary judgment for the defendant attorneys in a legal malpractice action brought by their former clients, the plaintiffs herein. For the reasons which follow, we reverse.
The defendant attorneys previously represented the plaintiffs and their insurer [Lumbermens Mutual Casualty Company] as defendants in a personal injury action brought by William Thomas which resulted in an $810,000 adverse jury verdict and judgment against the plaintiffs  $800,000 over the $10,000 limits of the applicable Lumbermens liability insurance policy. The original plaintiff [William Thomas], as assignee of the plaintiffs' cause of action, then brought a bad faith failure to settle action against Lumbermens and suffered an adverse jury verdict; on appeal, we affirmed. Thomas v. Lumbermens Mutual Casualty Co., 424 So.2d 36 (Fla. 3d DCA 1983). The plaintiffs herein then brought the present malpractice action alleging that the defendant attorneys negligently failed to settle Thomas' personal injury action against the plaintiffs within policy limits. Summary judgment was thereafter entered for the defendant attorneys. The plaintiffs appeal.
The basis for the summary judgment entered below was the trial court's determination that the present malpractice action was barred by the adverse judgment entered against the plaintiffs' assignee and in favor of Lumbermens in the prior bad faith action  apparently on the theory that Lumbermens was the employer of the defendant attorneys herein as house counsel, *1060 that Lumbermens was sued and prevailed in the bad faith action which had been based on the negligence of its employees [defendant attorneys herein], and that a judgment against a vicariously liable employer precludes a subsequent action against the tortfeasor employee based on the same cause of action. See Akins v. Hudson Pulp & Paper Co., 330 So.2d 757 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977) and authorities collected. We disagree with this analysis because a legal malpractice action is a fundamentally different cause of action than a bad faith failure to settle action. Indeed, in our decision affirming the judgment for Lumbermens in the bad faith action, we stated:
"The standard for determining liability of an insurance carrier in excess judgment cases is bad faith, rather than negligence, although consideration may be given to the negligence of the insurer in determining whether it has breached its duty to negotiate in good faith. (citation omitted) To hold the insurer liable for breach of its duty to compromise, the insured (or his assignee) must establish that the insurer's conduct amounted to either bad faith or fraud. (citations omitted) Each case is to be determined on its own facts, and the question of the insurer's failure to act in good faith with due regard for the interests of the insured is for the jury. (citations omitted)
Applying these principles to the present case, we think that the jury properly weighed the evidence and concluded that Lumbermens' conduct, while possibly somewhat less than diligent, did not rise to the level of bad faith or fraud." 424 So.2d at 38.
When the jury found in favor of Lumbermens in the bad faith action, then, it did not determine, as urged, that Lumbermens' house counsel employees, the defendant attorneys herein, were not guilty of negligence. The jury found only that Lumbermens through its employee attorneys was not guilty of a bad faith refusal to settle, which is not tantamount, as urged, to a finding of non-negligence. Indeed, the issue of professional legal malpractice was never before the jury and was never litigated. This being so, the plaintiffs are in no way barred from pursuing the instant legal malpractice action, as there has been no judicial determination as to whether the defendant attorneys were professionally negligent in this matter.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings.