PER CURIAM.
This is an appeal by the defendant Burnett Roth from an adverse final judgment entered against him in a legal malpractice action after a jury trial. The central contention raised on appeal is that no actionable legal negligence was established below against the defendant and that, accordingly, the defendant was entitled to a summary judgment and directed verdict in his favor. We entirely agree and reverse the final judgment under review based on the following briefly stated legal analysis.
The gravamen of the plaintiff Rosa Bros., Inc.’s legal malpractice claim against the defendant Roth was that he, as plaintiff’s counsel, negligently advised the plaintiff to sign a lease agreement, in which the plaintiff and Banner Beef Co. were co-lessees, because the lease had an ambiguous option-to-purchase provision which, in fact, resulted in the plaintiff receiving a 44% interest in the leased premises upon the parties’ subsequent exercise of the option to purchase, instead of a 50% interest as the plaintiff desired. The fatal flaw in this theory of legal malpractice is that it has already been judicially determined — in a prior declaratory decree action brought to construe the ambiguous option-to-purchase provision of the subject lease — that the 44% interest in the aforesaid purchased premises which the plaintiff received fully comported with the intent of the parties to the subject lease. Rosa Bros., Inc. v. Schlossman, 373 So.2d 403 (Fla. 3d DCA 1979). This being so, it could not possibly constitute legal malpractice for plaintiff’s counsel to advise the plaintiff, as he did, to sign a lease which, as subsequently enforced, fully comported with the intent of the parties to the lease, including the intent of the plaintiff. See Weiner v. Moreno, 271 So.2d 217, 219 (Fla. 3d DCA 1973).
We have not overlooked the plaintiff’s insistent argument made throughout this litigation that it, in fact, intended to receive a 50% interest, not a 44% interest, in the purchased premises. The plaintiff, however, lost that argument in the prior declaratory decree action and may not revive it under the guise of a legal malpractice suit against his attorney. In other words, the plaintiff cannot now be heard to claim that its attorney was negligent in advising it to sign a lease which failed to carry out an intent which the courts have determined the plaintiff never had. The final judg *710 ment under review is, therefore, reversed and the cause is remanded to the trial court with directions to enter judgment in favor of the defendant Burnett Roth.
Reversed.