559 So.2d 1207 (1990)
Henry A. RICCIO and Jean Riccio, Appellants,
v.
Allan STEIN and Alexander M. Rosenfeld, Individually and As Copartners, D/B/a Heitner & Rosenfeld, Appellees.
No. 89-1185.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Rehearing Denied March 21, 1990.
*1208 Spieler & Associates, P.A., and Gregg Spieler, Miami, for appellants.
Young, Stern & Tannenbaum, P.A., and Barry S. Franklin, North Miami Beach, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Riccios appeal from a final judgment on the pleadings in favor of Allan Stein and Alexander Rosenfeld in a legal malpractice suit. For the following reasons, we reverse.
The Riccios' complaint alleged that they hired the law firm of Heitner & Rosenfeld to represent them in the sale of their home to the Caldwells. The terms of the sale included a gross sales price of $300,000 of which $200,000 would be in the form of a purchase money first mortgage. Upon the advice of Allan Stein, an associate with Heitner & Rosenfeld, the Riccios executed a contract with the Caldwells which identified the $200,000 purchase money mortgage as a "second mortgage." The Riccios alleged, however, that notwithstanding the designation "second mortgage" reflected in the closing documents, Allan Stein assured the Riccios that they would be receiving a first mortgage. Specifically, Allan Stein told the Riccios that, once they paid off the existing first mortgage held by Lenier on the property, they would in fact hold a first mortgage. At closing, the Riccios learned that they had received a second mortgage and that Gold Coast Capital Corp. held a first mortgage on the property.[1]
Subsequently, the Caldwells defaulted and the Riccios brought an action to foreclose the Caldwells' mortgage. Gold Coast counterclaimed that its mortgage had priority over the Riccios' mortgage. The trial court found that the Riccios intended that the Gold Coast mortgage be superior to the Riccio purchase money second mortgage. This court affirmed. Riccio v. Gold Coast Capital Corp., 521 So.2d 308 (Fla. 3d DCA 1988). Accordingly, Gold Coast received a final judgment of foreclosure.[2]
The Riccios subsequently brought this action against Stein and Rosenfeld[3] for legal malpractice and for breach of warranty that their mortgage would have a first priority. The defendants moved for, and were granted, judgment on the pleadings. The trial court, relying on Roth v. Rosa Bros., Inc., 513 So.2d 709 (Fla. 3d DCA 1987), determined that this court's prior decision in Gold Coast, 521 So.2d at 308, precluded the Riccios' present claim that they allegedly intended (and the defendants allegedly promised) that the purchase money mortgage would be a first mortgage.[4] We cannot agree.
Judgment on the pleadings was improper where, as here, the Riccios' complaint stated a cause of action for legal malpractice. In any legal malpractice suit, the plaintiff is required to plead and prove "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Maillard v. Dowdell, 528 So.2d 512, 514 (Fla. 3d DCA 1988) (citations omitted) rev. denied, 539 So.2d 475 (Fla. 1988); Weiner v. Moreno, 271 So.2d 217, 219 (Fla. *1209 3d DCA 1973). The allegations of the Riccios' complaint established Stein and Rosenfeld's employment, their neglect of duty, and the loss proximately caused by their negligence. These allegations were sufficient to state a cause of action for legal malpractice.
The trial court's reliance on Roth for the proposition that the Riccios' cause of action is barred by this court's prior determination in Gold Coast is misplaced. The context of the proceedings in the instant case was significantly different from that in Roth. In Roth, the plaintiff filed a legal malpractice complaint alleging that the defendant attorney negligently advised the plaintiff to sign a lease agreement in which the plaintiff received a 44% interest in the leased premises upon the subsequent exercise of an option to purchase instead of a 50% interest as the plaintiff desired. Roth, 513 So.2d at 709. This court determined in Roth that the plaintiff's theory of legal malpractice was fatally flawed because it had "already been judicially determined  in a prior declaratory decree action brought to construe the ambiguous option-to-purchase provision of the subject lease  that the 44% interest in the aforesaid purchased premises which the plaintiff received fully comported with the intent of the parties to the subject lease." Id. (Emphasis supplied.) In Gold Coast, however, this court determined the intention of the Riccios and Gold Coast, parties who had no prior dealings with each other. The alleged legal malpractice did not even occur in a transaction between Riccio and Gold Coast; rather, it occurred in a transaction between the Riccios and the Caldwells. Finally, our decision in Gold Coast establishing the Riccios' intent to receive a second mortgage could not have pertained to the Gold Coast mortgage. Specifically, when the Riccios agreed to the designation "second mortgage" in the closing documents, they intended to hold a mortgage inferior only to the existing first mortgage held by Lenier. The Riccios never intended to permit Gold Coast to obtain a mortgage with priority over their own.[5]
More importantly, there has been no determination as to whether Mr. Stein's actions complied with the Riccios' instructions or whether Stein and Rosenfeld breached a duty owed to their clients, the Riccios. This court's prior determination in Gold Cost, a mortgage foreclosure action, cannot affect the Riccios' separate claims for legal malpractice and breach of warranty where those issues have never been litigated. See Keramati v. Schackow, 553 So.2d 741, 746 (Fla. 5th DCA 1989) (client's acceptance of settlement in prior suit does not foreclose client from bringing legal malpractice action against attorney who handled case); Torres v. Nelson, 448 So.2d 1058, 1060 (Fla. 3d DCA 1984) (adverse verdict in earlier action brought by client against insurer, alleging bad faith failure to settle tort action against insured clients, did not bar insured clients' malpractice action against attorneys who were employees of insurer where issue of legal malpractice was never litigated). See generally 32 Fla. Jur.2d Judgments and Decrees § 116 (1981) (where causes of action are different, parties are precluded from relitigating matters actually litigated and determined and not matters which were in fact not litigated in former action).
On the facts of the case, Mr. Stein, knowing that the Riccios wanted a first mortgage, represented to the Riccios that they would receive a first mortgage despite the fact that Stein denominated the mortgage a second mortgage. As a result of Mr. Stein's actions, the Riccios suffered a financial loss. Given these facts, we conclude that our decision in Gold Coast does not bar the Riccios from asserting, for the first time, their legal malpractice and breach of warranty claims.[6] Accordingly, the final judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
*1210 Reversed and remanded for further proceedings.
NOTES
[1] Because the mortgage executed between the Riccios and the Caldwells referred to a "second mortgage," the Caldwells were able to obtain a $225,000 first mortgage on the property in favor of Gold Coast.
[2] The property was sold to Gold Coast at public auction. There were no proceeds of sale available to apply to the Riccios' claim.
[3] A separate action was taken against Herbert Heitner. That action has not yet been resolved.
[4] The order granting judgment on the pleadings was also based on the trial court's determination that the Riccios' cause of action was barred by the applicable statute of limitations.
[5] Allan Stein acknowledged these facts under oath in his deposition taken on April 4, 1986, in the Riccio v. Gold Coast Capital Corp. cause of action. Stein also admitted under oath that it was his intention that the Riccios have a first mortgage.
[6] We find no merit to appellees' statute-of-limitations defense.