583 So.2d 382 (1991)
Jane GENTILE, Appellant,
v.
Randall RODRIGUEZ, et al., Appellees.
No. 91-329.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Rehearing Denied August 26, 1991.
*383 James F. Pollack, for appellant.
Gregg J. Ormond, Gautier & Kavulich, Washington M. Quinones, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
In this appeal of an order dismissing a fourth amended complaint, we affirm as to defendants Randall Rodriguez and Jerome Kavulich and reverse as to defendant Washington Quinones based on the following analysis.
Rodriguez bought a home on the north side of Gentile's property. Kavulich was the attorney who represented the sellers. Gentile filed suit against buyer Rodriguez and sellers' attorney Kavulich, as well as her own attorney, Quinones, alleging that an agreement she and Rodriguez entered into involving certain property rights was illegal. The sellers are not involved in this suit.
In Count I, Gentile attempted to state a claim for rescission of the property agreement against Rodriguez. Gentile alleged a right to rescission based on alleged misrepresentations made by Kavulich. However, the cause of action fails because it does not allege any facts which would establish a legal relationship between Kavulich, the sellers' attorney, and buyer Rodriguez. Failure to state this element is fatal because any alleged misrepresentation by Kavulich must be linked back to Rodriguez in order for Rodriguez to be bound by such representations and thus subject to the agreement's rescission. See Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614 (Fla.2d DCA), cert. denied, 180 So.2d 656 (Fla. 1965).
In Count III, plaintiff attempted to state a cause of action for fraud against Kavulich. This claim was based on allegations that Kavulich fraudulently induced Gentile to sign the agreement upon the unkept promise that he would insure that next door neighbors on the south of Gentile would sign a corresponding document granting Gentile an easement on a portion of their property. The claim cannot stand, however, because it totally fails to allege the essential element that Kavulich made the representation without any intention of performing his promise. Failure to set forth this element of the cause of action is fatal to Count III. First Interstate Dev. Corp. v. Ablanedo, 476 So.2d 692 (Fla. 5th DCA 1985), approved in part, quashed in part, 511 So.2d 536 (Fla. 1987); Bernard *384 Marko & Assoc., Inc. v. Steele, 230 So.2d 42 (Fla.3d DCA 1970).
On the other hand, Count II was wrongly dismissed since it does state a cause of action for legal malpractice against defendant Quinones, the attorney who represented Gentile in the transaction. All the required elements of such a claim are alleged, i.e. Quinones owed Gentile a duty, the duty was breached, and Gentile suffered injury as a result. E.g., Riccio v. Stein, 559 So.2d 1207 (Fla.3d DCA), review dismissed, 567 So.2d 436 (Fla. 1990).
Affirmed in part, reversed in part and remanded.