640 So.2d 143 (1994)
Robert J. BRENNAN, M.D., Appellant,
v.
Charles L. RUFFNER, Esq., individually, and Charles L. Ruffner, P.A., a Florida corporation, Appellees.
No. 93-0151.
District Court of Appeal of Florida, Fourth District.
July 27, 1994.
*144 John L. Walkden and Sheri L. Critelli, Schecter & Walkden, P.A., Scott A. Mager of Scott A. Mager, P.A., Fort Lauderdale, for appellant.
Philip D. Parrish and Robert M. Klein, Stephens, Lynn, Klein & McNicholas, P.A., Miami for appellees.

ON MOTION FOR REHEARING
PARIENTE, Judge.
The opinion of this court filed March 2, 1994 is withdrawn and the following opinion is substituted. Appellant's motion for rehearing, considered in light of this substituted opinion, is denied.
We affirm a final summary judgment entered in favor of a lawyer and against a disgruntled minority shareholder of a closely held corporation. We find that an attorney/client relationship did not exist between the individual shareholder and the attorney representing the corporation. Consequently, there is no basis for a legal malpractice *145 action. We further reject the other theories of liability asserted by appellant.
In 1976, appellant, Robert J. Brennan, M.D., (Dr. Brennan) along with a Dr. Martell, employed appellee, Charles L. Ruffner, Esq., (lawyer) to incorporate their medical practice as a professional association. In connection with the incorporation, the lawyer prepared a shareholder's agreement. In 1982, a third doctor, Dr. Mirmelli, joined the corporation, and each doctor became a one-third shareholder in the new firm. The lawyer, who was corporate counsel since 1976, was requested to draft a new shareholder's agreement. After approximately 8 months of negotiation, the shareholders executed a new shareholder's agreement. The new agreement included a provision for the involuntary termination of any shareholder by a majority vote of the two other shareholders. It is undisputed that Dr. Brennan was aware of this provision at the time he signed the documents and that he signed the agreement upon reassurances from Dr. Mirmelli that he would not join with Dr. Martell in using the provision against Dr. Brennan.
However, despite the assurances, in 1989 Dr. Martell and Dr. Mirmelli involuntarily terminated Dr. Brennan as a shareholder and employee of the corporation. Dr. Brennan instituted a lawsuit against Dr. Martell and Dr. Mirmelli claiming breach of contract and fraud in the inducement. The verified complaint in that lawsuit specifically alleged that Dr. Brennan was not represented by counsel in the negotiation of the shareholder's agreement. That lawsuit was settled. Dr. Brennan then filed this suit for legal malpractice, breach of contract, breach of fiduciary duty and breach of contract as a third party beneficiary. In contradiction to the sworn allegations of the first lawsuit, Dr. Brennan alleged in this complaint that the lawyer represented him individually, as well as the corporation, in the preparation and drafting of the agreement. The lawyer denied undertaking the representation of Dr. Brennan individually.
In a legal malpractice action, a plaintiff must prove three elements: the attorney's employment, the attorney's neglect of a reasonable duty and that such negligence resulted in and was the proximate cause of loss to the plaintiff. Bolves v. Hullinger, 629 So.2d 198 (Fla. 5th DCA 1993); Gentile v. Rodriguez, 583 So.2d 382 (Fla. 3d DCA 1991); Riccio v. Stein, 559 So.2d 1207, (Fla. 3d DCA), rev. dismissed, 567 So.2d 436 (Fla. 1990). Florida courts have uniformly limited attorney's liability for negligence in the performance of their professional duties to clients with whom they share privity of contract. Angel, Cohen & Rogovin v. Oberon Inv., 512 So.2d 192 (Fla. 1987); Ginsberg v. Chastain, 501 So.2d 27 (Fla. 3d DCA 1986). "In a legal context, the term `privity' is a word of art derived from the common law of contracts and used to describe the relationship of persons who are parties to a contract." Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1379-89 (Fla. 1993) (citation omitted). The only instances in Florida where the rule of privity has been relaxed is where the plaintiff is an intended third party beneficiary of the employment contract. Espinosa; Oberon; Rosenstone v. Satchell, 560 So.2d 1229 (Fla. 4th DCA 1990).
The material undisputed facts in this case support a legal conclusion that there was no privity of contract between Dr. Brennan and the corporation's lawyer. It is undisputed that the lawyer was representing the corporation. The issue raised by Dr. Brennan's complaint was whether the lawyer was also representing him individually. While Dr. Brennan made the initial contact with the lawyer, there is no evidence in the record to create a credible issue of fact that the lawyer ever represented Dr. Brennan individually. Dr. Brennan's sworn complaint against the other doctors, which preceded the legal malpractice action against the lawyer, states he was unrepresented by counsel in the negotiation of the shareholder's agreement.
Dr. Brennan argues that a separate duty to him as a shareholder arose by virtue of the lawyer's representation of the closely held corporation. Although never squarely decided in this state, we hold that where an attorney represents a closely held corporation, the attorney is not in privity with and *146 therefore owes no separate duty of diligence and care to an individual shareholder absent special circumstances or an agreement to also represent the shareholder individually. While there is no specific ethical prohibition in Florida against dual representation of the corporation and the shareholder if the attorney is convinced that a conflict does not exist,[1] an attorney representing a corporation does not become the attorney for the individual stockholders merely because the attorney's actions on behalf of the corporation may also benefit the stockholders. The duty of an attorney for the corporation is first and foremost to the corporation, even though legal advice rendered to the corporation may affect the shareholders. Cases in other jurisdictions have similarly held. See Skarbrevik v. Cohen, England & Whitfield, 231 Cal. App.3d 692, 282 Cal. Rptr. 627 (Cal. App.2d DCA 1991), rev. denied, (Cal. 1991). See also Felty v. Hartweg, 169 Ill. App.3d 406, 119 Ill.Dec. 799, 523 N.E.2d 555 (Ill. App. 4th DCA 1988) (shareholder in ordinary corporation does not become a beneficiary of the attorney/client relationship between lawyer and corporation and lawyer for corporation does not owe fiduciary duty to shareholder).
In addition, under the facts of this case, Dr. Brennan cannot claim that he was an intended third party beneficiary of the contract of representation with the corporation. Florida has extended the third party beneficiary exception to the privity requirement in legal malpractice actions to very limited instances, mainly in the area of will drafting, where it can be demonstrated that the intent of the client in engaging the services of the lawyer was to benefit a third party. Espinosa; Oberon. In this case, there are no facts to support Dr. Brennan's assertion that the primary intent of the corporation in hiring the attorney to draft the shareholder's agreement was to directly benefit Dr. Brennan individually. Dr. Brennan admits that there was an inherent conflict of interest between the rights of the individual shareholder and the corporation. This alone expressly undercuts a third party beneficiary claim. See Oberon, 512 So.2d at 194. A third party beneficiary theory of recovery has been rejected in other jurisdictions in similar circumstances on the basis that the individual shareholder cannot be an intended third party beneficiary of a shareholder's agreement because the interests of the corporation and the minority shareholder are potentially in opposition. See Skarbrevik; Felty.
We also reject the notion that the lawyer in this case could be held liable to one of the minority shareholders for a breach of fiduciary duty. In any closely held corporation, there will be an inherent conflict between the potential rights of the minority shareholder and the rights of the corporation in a shareholder's agreement concerning termination. At the time this agreement was drafted, any one of the three shareholders could have ended up becoming the minority shareholder. While Dr. Brennan claimed in the complaint that the lawyer had a duty to advise him of a conflict of interest and never advised him of a potential conflict, the facts in the record do not support that contention. Dr. Brennan testified in deposition that he simply did not recall any conversations. However, the accountant for the corporation specifically remembered a conversation where the lawyer told the doctors collectively that he represented only the corporation in *147 the drafting of the shareholder agreement. Absent some evidence that the corporation's lawyer conspired or acted with the two shareholders to insert provisions that would work to the detriment of the third shareholder; that the corporation's lawyer concealed his representation of another individual shareholder; or that the attorney agreed to the dual representation, there is no breach of fiduciary duty established in this case. Accord Felty. Compare Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C., 107 Mich. App. 509, 309 N.W.2d 645 (1981).
Finally, even assuming arguendo that a duty existed based on an attorney/client relationship, a third party beneficiary theory or a breach of fiduciary relationship, we simply do not find any factual dispute concerning the issue of proximate cause. It is undisputed that Dr. Brennan was aware of the provisions in the agreement and chose to take his chances upon being reassured by Dr. Mirmelli that he would never use the provisions against Dr. Brennan. Compare Miller v. Selden, 591 So.2d 1063 (Fla. 4th DCA 1991).
AFFIRMED.
WARNER and KLEIN, JJ., concur.
NOTES
[1] The Code of Professional Responsibility in effect in 1976 (the time the initial contractual relationship began) did not prohibit a lawyer from representing both a shareholder and the corporation. Although there was no Disciplinary Rule on the matter, Ethical Consideration 5-18 stated:

A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity... . Occasionally a lawyer for an entity is requested by a stockholder, director, officer, employee, representative, or other person connected with the entity to represent him in an individual capacity; in such case the lawyer may serve the individual only if the lawyer is convinced that differing interests are not present.
Even if 1988 is used as the date of employment, the rule in effect at that time permitted dual representation. Rule 4-1.13 of the rules regulating the Florida Bar allows a "lawyer representing an organization [to] also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of rule 4-1.7." Rule 4-1.7 governs conflicts of interest.