763 So.2d 1274 (2000)
SILVER DUNES CONDOMINIUM OF DESTIN, INC. et al., Appellants,
v.
BEGGS AND LANE, Attorneys and Counselors at Law, and John Daniel, individually, Appellees.
No. 1D99-4494.
District Court of Appeal of Florida, First District.
August 14, 2000.
Douglas L. Stowell and Stephen L. Spector, Tallahassee, for appellants.
Alan R. Horky of Fuller, Johnson & Farrell, P.A., Pensacola, and Patrick J. *1275 Farrell of Fuller, Johnson & Farrell, P.A., Tallahassee, for appellees.
PER CURIAM.
The issue in this case is whether the trial court should have concluded that appellants, 20 individual condominium unit owners, were the intended third-party beneficiaries of a legal services contract between the corporate condominium association, Silver Dunes Condominium of Destin, Inc. (hereinafter "association"), and appellee John Daniel of the law firm of Beggs and Lane.[1] We conclude that the undisputed facts in this case demonstrate that the individual unit owners were not the intended third-party beneficiaries of the legal services contract between the association and its attorney. We, therefore, affirm the trial court's entry of summary judgment against the individual unit owners in this legal malpractice action.
The Silver Dunes Condominium complex, located in Destin, Florida, is comprised of five separate buildings: Buildings A, B, C, D, and the high-rise. The complex is operated, managed, and maintained by the association. The association is a nonprofit corporation. The owners of each individual unit of the complex are, as required by statute, shareholders of the corporate association. See § 718.111(1)(a), Fla. Stat. (1995). The affairs of the association are managed by a board of directors (hereinafter "board") elected from the membership/shareholders of the association. The officers of the association are elected by the board. The officers and directors of the association have a fiduciary relationship to the unit owners/shareholders. See id.
In October 1995, Hurricane Opal hit the Florida coastline near Destin causing substantial damage to many homes, businesses, and condominiums in the area including the Silver Dunes Condominium complex. Buildings B and C of the complex, situated closest to the coastline, were almost completely destroyed and were immediately condemned by the city of Destin. According to the Declaration of Condominium for the complex, the association was solely responsible for the reconstruction of the condemned units. In fact, under the Declaration of Condominium, the individual unit owners of those condemned units were prohibited from rebuilding their units.
Within a month of the hurricane, the association, through its board, hired appellee John Daniel of the law firm of Beggs and Lane to provide legal representation on all matters relating to the reconstruction and repair of the damaged and destroyed buildings in the complex. According to Melinda Bagley, the former president of the association, the board expressed to Daniel its obligation to rebuild the destroyed and damaged units efficiently and cost effectively. Ms. Bagley explained in an affidavit:
At all times, our concern was for the rebuilding expenses incurred by the individual unit owners and lost use of the units by the individual unit owners. It was in furtherance of these concerns that the Association hired legal counsel to obtain legal assistance for Silver Dunes on rebuilding the damaged units and structures as quickly as possible in accordance with the applicable law.
According to Daniel, he did not represent the individual unit owners in any of their individual claims arising out of the destruction of their units because the interests of the unit owners often diverged from that of the association. Daniel knew, however, that the board had a fiduciary duty to all members of the association to rebuild the damaged structures as expeditiously as possible and to make the cost to all the owners as low as reasonably possible under the circumstances.
As the plans for reconstruction and repair proceeded, the board discovered that the insurance coverage maintained by the *1276 association on the complex would be insufficient to rebuild the destroyed structures in accordance with current building code requirements. In response to the discovery of this insurance shortfall, the board and Daniel made plans for the reconstruction of Buildings B and C with additional units for sale to the public to generate income to offset the shortfall.
During the board's attempts to have the reconstruction plan with the additional units approved by the membership, Daniel wrote letters to some initially dissenting unit owners threatening legal action on behalf of the association if they did not change their vote. These unit owners ultimately voted in favor of the expansion plan. Two different groups of unit owners then later threatened their own legal action against the association in connection with the association's attempt to rebuild the destroyed units.
In their legal malpractice claim against appellees, appellants contend that Daniel provided erroneous legal advice to the board in connection with the reconstruction expansion plan, which led to a delay in the ultimate reconstruction of the destroyed units and a resulting loss in rental income to the affected unit owners. Appellees contend that they owed no duty of care to appellants because no privity of contract existed between appellees and appellants, and appellants were not the intended third-party beneficiaries of the legal services contract between the association and appellees. The trial court entered summary judgment in favor of appellees as to the legal malpractice claims filed by appellants.
An attorney's liability for negligence in the performance of his or her professional duties is generally limited to individuals or entities with whom the attorney shares privity of contract. See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So.2d 1378, 1379 (Fla. 1993); Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 194 (Fla.1987). A narrow exception to this privity requirement exists, however, for individuals or entities who can demonstrate that they were intended and apparent third-party beneficiaries of the legal services contract. See Espinosa, 612 So.2d at 1380; Oberon, 512 So.2d at 194. In this case, the individual unit owners argue that they were the apparent intended third-party beneficiaries of the legal services contract between the association and appellees because the association was at all times acting on behalf of and for the benefit of the unit owners as their fiduciary. Appellees argue on the other hand that the fiduciary relationship between the association and the unit owners did not automatically establish that the legal services contract was intended to benefit the unit owners and that the record does not otherwise support a finding that the unit owners were the apparent intended third-party beneficiaries of the contract.
Given that the association is a closely held corporation, the outcome here is governed, at least in part, by the decision in Brennan v. Ruffner, 640 So.2d 143 (Fla. 4th DCA 1994). In Brennan, a shareholder of a closely held corporation filed a legal malpractice action against the corporation's attorney after the shareholder was involuntarily terminated as a shareholder and employee of the corporation pursuant to a shareholder's agreement prepared by the attorney. See id. at 145. In deciding that the trial court had properly entered final summary judgment in favor of the corporation's attorney, the fourth district held:
Although never squarely decided in this state, we hold that where an attorney represents a closely held corporation, the attorney is not in privity with and therefore owes no separate duty of diligence and care to an individual shareholder absent special circumstances or an agreement to also represent the shareholder individually. While there is no specific ethical prohibition in Florida against dual representation of the corporation and the shareholder if the attorney is convinced that a conflict does not *1277 exist, an attorney representing a corporation does not become the attorney for the individual stockholders merely because the attorney's actions on behalf of the corporation may also benefit the stockholders. The duty of an attorney for the corporation is first and foremost to the corporation, even though legal advice rendered to the corporation may affect the shareholders.
Id. at 145-46 (footnote omitted). This decision undercuts appellants' argument that they were the apparent intended third-party beneficiaries of the legal services contract between the association and appellees simply by virtue of the fact that the association had a fiduciary obligation to act in their best interests. See Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 389 (Fla. 4th DCA 1999)(holding that "[a]n attorney who represents a corporation is `not in privity with and therefore owes no separate duty of diligence and care to an individual shareholder absent special circumstances or an agreement to also represent the shareholder individually.'").
In light of the decision in Brennan, the trial court's entry of summary judgment in this case can only be deemed error if the record otherwise demonstrates that the unit owners were the apparent intended third-party beneficiaries of the legal services contract between the association and appellees. Yet, the record here cannot support such a finding because it shows that the legal interests of the association and the individual unit owners were in conflict during appellees' representation of the association. Evidence of a conflict of interest between the rights of the claimed third-party beneficiary and the rights of the attorney's actual client undercuts any claim that the legal services were undertaken for the express benefit of the claimed third-party beneficiary. See Oberon, 512 So.2d at 194; Brennan, 640 So.2d at 146.
During his representation of the association, Daniel threatened legal action against some unit owners and other unit owners threatened their own legal action against the association, all in connection with the association's attempts to rebuild the damaged and destroyed structures of the complex. This court cannot conclude that Daniel was representing the legal interests of the individual unit owners while at the same time threatening to sue them on behalf of the association and while they were themselves threatening to sue the association for its actions during the reconstruction process.
We, therefore, conclude that the individual unit owners were not the apparent intended third-party beneficiaries of the legal services contract between the association and appellees. The trial court's final summary judgment entered in favor of appellees on the individual unit owners' claims of legal malpractice is affirmed.
BENTON and BROWNING, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] The association is not a party to this appeal.