SHARP, W., J.
Appellants, the plaintiffs-physicians below,[1] appeal from a final summary judgment entered against them after they filed a shareholder derivative action for legal malpractice against Gray Harris & Robinson, P.A. (Gray-Harris), based on claims that the law firm had a conflict of interest *149 between them, as individual shareholders, and the corporation in which they held shares, and which Gray-Harris represented, and breach of fiduciary duties by failing to advise them of their legal rights and options.[2] We affirm.
Appellants were physician-shareholders of Anesthesiologists of Central Florida (ACF), a Florida professional association consisting of thirty-one physicians. ACF had an exclusive, five-year contract with Orlando Regional Healthcare System (ORHS) to provide anesthesiology services to ORHS facilities. The contract included an automatic one year renewal unless ORHS provided a one-year notice of its intent to terminate the contract. On April 6, 1998, by letter, ORHS informed ACF that it had determined not to renew the existing contract, but that it would continue to negotiate the terms of a new contract with ACF.
ACF’s president (Murbach), Secretary (Stockton), and Treasurer (Appelblatt) informed other directors and shareholders that ORHS was maneuvering to obtain concessions from ACF, and that they, as directors, were continuing to negotiate on behalf of ACF. However, the concessions sought by ORHS were unacceptable to ACF’s shareholders.
Appellants argue that Murbach, Stockton and Appelblatt were actually planning to form a new corporation, and through it, they planned to contract with three of ORHS’s facilities, ie., Orlando Regional Medical Center, the Ambulatory Care Center, and Sand Lake Hospital. At the end of October 1998, Murbach, Stockton and Appelblatt did form a new corporate practice.
Appellant contends that from May through August of 1998, Gray-Harris was aware of this situation, and knew that Murbach, Stockton and Appelblatt had received individual offers from ORHS, during the time it represented ACF. Appellants claim that Gray-Harris assisted Murbach, Stockton and Appelblatt by providing legal advice regarding the dissolution of ACF, instead of advising the ACF shareholders that they had a conflict of interest.
On September 27, 1998, ACF held a shareholders meeting. All thirty-one shareholders were present or voted by proxy. They passed various measures, which primarily affected only the corporation and the shareholders.
However, two measures are relevant in this case because they affect Gray-Harris. First, the shareholders waived all conflicts of interest between Gray-Harris’ representation of ACF and any individual shareholders. In addition, they waived any conflicts of interest regarding the individual shareholders’ use of any consultants, accountants, attorneys, advisors, or appraisers that had previously been used by ACF.
Our review in this case is de novo.[3] We find that the trial court did not abuse its discretion in granting the motion for summary judgment. See Crowell v. Kaufmann, 845 So.2d 325 (Fla. 2d DCA 2003); Gulliver v. Texas Commerce Bank, 787 So.2d 256 (Fla. 5th DCA 2001).
Although Gray-Harris represented ACF, it was not engaged to negotiate a *150 renewal contract between ACF and ORHS. Further, Gray-Harris did not owe the appellants, as individual shareholders, any duty separate and apart from that owed to ACF. See, Comments to Florida Rule of Professional Conduct 4-1.13[4]; Silver Dunes Condominium of Destin, Inc. v. Beggs and Lane, 763 So.2d 1274, 1276 (Fla. 1st DCA 2000); Brennan v. Ruffner, 640 So.2d 143, 145-146 (Fla. 4th DCA 1994).
Moreover, even had a conflict of interest existed, the September 27, 1998 resolutions are determinative in this case. They waived all conflicts of interest between Gray-Harris representation of ACF and any individual shareholders; and waived any conflicts of interest regarding any individual shareholders’ use of any consultants, accountants, attorneys, advisors, or appraisers previously used by ACF. There was no evidence, as found by the trial court, that Gray Harris represented any shareholder of ACF or a new corporation formed by those shareholders prior to the execution of the waiver.
As a result, there was an absence of any genuine issue of material fact and summary judgment was proper. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

. Dr. Donald Rudolf, Dr. Madonna Kelly. Dr. Karen Bender, Dr. Martine Denn, and Dr. *149 James Yoachim.

. This suit is separate from another shareholder derivative suit in which appellants sued certain other physician shareholders for breach of fiduciary duties and wrongful appropriation of a corporate opportunity against Drs. Murbach, Stockton and Appelblatt. Rudolf v. Anesthesiologists of Central Florida, M.D., P.A., Case Number 2000-CA-8224-0, Orange County Circuit Court.

. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Kaplan v. Morse, 870 So.2d 934 (Fla. 5th DCA 2004).

. The Comments to the rule provides that when a lawyer represents an organization, the entity is the client, not the constituents of the organization. Where a constituent is validly authorized by the organization to act for it, ordinarily the lawyer must accept those decisions. See also, Adams v. Chenowith, 349 So.2d 230 (Fla. 4th DCA 1977)(attorney employed by a party cannot be held responsible to all parties unless he committed a nonnegli-gent tort).