# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2040
Lower Tribunal No. 21-17152
_____

**Betsy Rae Sherman, etc., et al.,**
Appellants,

vs.

**Gursky Ragan, P.A., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Shapiro Ramos, Professional Association, and Jeffrey P. Shapiro, for appellants.

Klein Park & Lowe, P.L., and Robert M. Klein, Andrew M. Feldman, and Charles G. Short, for appellees.

Before LOGUE, C.J., and FERNANDEZ and GORDO, JJ.

LOGUE, C.J.

Betsy Rae Sherman and Robert G. Risman, condominium unit owners

on Fisher Island, appeal the dismissal with prejudice of their claims against

their association's general counsel, Gursky Ragan, P.A. and Marnie Ragan, Esquire (collectively, "General Counsel"). The Unit Owners contend that the General Counsel breached its fiduciary duty to them when it provided legal advice that benefited another unit owner's plans to obtain exclusive use of part of the common elements. The Unit Owners also argue that the General Counsel's legal advice aided and abetted the president's breach of his fiduciary duty to the Unit Owners. Because the Unit Owners failed to allege facts establishing these claims, we find no error.

## BACKGROUND

As alleged in the complaint, all six units in one of the association's nine buildings were purchased by 159 Fisher Island Holdings, LLC ("Holdings, LLC"). The association's president was the realtor in five of those sales. Holdings, LLC planned to demolish the building, combine the units into one, and build a single-family home. The home's footprint would also include 1,500 square feet of greenspace that was part of the common elements of the association. The complaint further alleged that transfer of ownership of common elements to one unit owner required the approval of 100% of all the unit owners in the condominium.

Holdings, LLC sought the advice of the president and the General Counsel on ways to avoid the unanimous vote. The General Counsel advised

2

that the unanimous vote could be avoided, and a simple majority vote of the association's board would be sufficient, if the common elements at issue were simply leased to Holdings, LLC for an automatically renewing term of 99 years.[1]

Holdings, LLC subsequently requested the association's board lease it the common elements at issue and approve its construction plans to build the house. Following the advice of its General Counsel that it could do so, the board – with the president voting – approved the lease of the common elements and the construction plans. The General Counsel attended the meetings where the votes took place but did not act to prevent the president from voting.

The Unit Owners, concerned that Holdings, LLC was given exclusive use of common elements in this manner, sued the association's General Counsel and president. At issue here are the causes of action against the General Counsel, of which there are two.

The Unit Owners claimed that the General Counsel breached its fiduciary duty to them by providing the legal advice that a lease of the common elements was a legal way to allow Holdings, LLC's construction to

---

[1] We do not consider or address whether the General Counsel's legal opinion was correct.

go forward without a unanimous vote of all unit owners. Next, they claimed that the General Counsel's advice aided and abetted the president's breach of his fiduciary duty to the Unit Owners, which the president allegedly committed when he voted to approve the lease and construction plan, despite being involved in the underlying real estate transactions.

The General Counsel moved to dismiss these claims, arguing that the Unit Owners failed to sufficiently plead them. The trial court granted the motion and dismissed the claims with prejudice.

## ANALYSIS

We review the order granting the General Counsel's motion to dismiss de novo. Morin v. Florida Power & Light Co., 963 So. 2d 258, 260 (Fla. 3d DCA 2007). Here, the General Counsel had a contractual fiduciary relationship with the association's board. Palafrugell Holdings, Inc. v. Cassel, 825 So. 2d 937, 939 n.2 (Fla. 3d DCA 2001). This contractual relationship, however, did not extend to the individual unit owners who can and often do have interests adverse to the interests of the board. See Brennan v. Ruffner, 640 So. 2d 143, 145–46 (Fla. 4th DCA 1994) ("[W]here an attorney represents a closely held corporation, the attorney is not in privity with and therefore owes no separate duty of diligence and care to an individual shareholder absent special circumstances or an agreement to also represent

4

the shareholder individually."); <u>Silver Dunes Condo. of Destin, Inc. v. Beggs and Lane</u>, 763 So. 2d 1274, 1277 (Fla. 1st DCA 2000) (holding that shareholders of a condominium association were not third-party beneficiaries of an attorney's contract with the association).

The Unit Owners nevertheless argue that there was an implied fiduciary relationship. A fiduciary relationship can be implied when "there is a degree of dependency on one side and an undertaking on the other side to protect and/or benefit the dependent party." <u>Masztal v. City of Miami</u>, 971 So. 2d 803, 809 (Fla. 3d DCA 2007). Such relationships are "premised upon the specific factual situation surrounding the transaction and the relationship of the parties." <u>Capital Bank v. MVB, Inc.</u>, 644 So. 2d 515, 518 (Fla. 3d DCA 1994).

The facts alleged do not support the finding of such an implied relationship. <u>See</u> <u>Real Estate Value Co., Inc. v. Carnival Corp.</u>, 92 So. 3d 255, 261-62 (Fla. 3d DCA 2012) (holding that where a party's dependency on another party to act a certain way was not paired with either a contractual obligation or an undertaking to so act, there was no implied fiduciary relationship).

The Unit Owners also argue that they sufficiently alleged that the General Counsel substantially assisted in carrying out the president's alleged

5

breach. However, when reduced to their essence, the Unit Owners' allegations only show that the General Counsel failed to prevent the president from voting based on the president's alleged conflict of interest. Because the General Counsel did not owe the Unit Owners a fiduciary duty, this alleged failure to act does not constitute substantial assistance. See Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1098 (11th Cir. 2017) ("Mere inaction [in an aiding and abetting claim] constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." (citations omitted)).

Finally, the Unit Owners' argument that they should have been given leave to amend is not well taken because it was never raised to the trial court. See Estate of Herrera v. Berlo Indus. Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[I]ssues not presented in the trial court cannot be raised for the first time on appeal.").

Affirmed.

FERNANDEZ, J., concurs.

GORDO, J., concurs in result only.